IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

NORMAN GERALD DANIELS, III,

    Petitioner,                    No. CIV S-04-2337 FCD JFM P

    vs.

DERRAL ADAMS,

    Respondent.                  ORDER

_____/

        Petitioner is a state prisoner proceeding pro se and in forma pauperis with an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. On March 29, 2005, respondent filed a motion to dismiss the petition on the ground that it is a mixed petition containing two exhausted and three unexhausted claims. In response, petitioner filed a document styled "Motion to Append the Instant Writ of Habeas Corpus, " in which he concedes that three of his five claims are unexhausted.

        The United States Supreme Court has held that a federal district court may not entertain a petition for habeas corpus unless the petitioner has exhausted state remedies with respect to each of the claims raised. Rose v. Lundy, 455 U.S. 509 (1982). Having conceded that his petition contains unexhausted claims, petitioner now has two choices. He can file a motion to stay the instant action pending exhaustion of state remedies with respect to his unexhausted

1

claims, or he can ask the court to delete the three unexhausted claims from the petition before the court and to proceed on the two exhausted claims. See <u>Rhines v. Weber</u>, _ U.S. _, 125 S.Ct. 1528, 1535 (2005). With respect to the three unexhausted claims, in his motion petitioner states that he "will have to pursue them in the lower courts and/or investigate in why my appellate attorney did not pursue said grounds." (Motion, filed April 25, 2005, at 1.) It is not clear whether petitioner intends to seek a stay of this action, or to proceed only on the two fully exhausted claims.[1]

Good cause appearing, petitioner will be granted a period of thirty days in which to file either a motion to stay this action pending exhaustion of state court remedies or a request to proceed forthwith on the two exhausted claims contained in his original petition. Should petitioner fail to timely file a motion to stay, the court will presume that petitioner has decided to proceed on only his two exhausted claims and will make further orders for briefing of those two claims.

On August 8, 2005, petitioner filed his second motion for appointment of counsel. Petitioner's first motion was denied by order filed March 24, 2005. The standards applicable to the instant motion are set forth in this order. The court still does not find that the interests of justice would be served by the appointment of counsel in this case. Accordingly, petitioner's motion will be denied.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Respondent's March 29, 2005 motion to dismiss and petitioner's April 25, 2005 motion are deemed resolved by the finding in this order that petitioner's original petition contains three unexhausted claims;

/////

---

[1] Respondent has filed a response to petitioner's motion in which he opposes a stay of this action. In this court's view, petitioner has not yet tendered a proper request to stay this action. The court will not, therefore, reach the issue at this time.

2. Petitioner is granted thirty days from the date of this order to file either a motion to stay these proceedings pending exhaustion of state remedies or a request to proceed forthwith on the two exhausted claims contained in his original petition; and

3. Petitioner's August 8, 2005 motion for appointment of counsel is denied.

DATED: September 12, 2005.

_____
UNITED STATES MAGISTRATE JUDGE

12
dani2337.mtd

3